# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTINA SMITH,**

       **Plaintiff,**

**v.**                                                                **Case No:   6:13-cv-1797-Orl-31GJK**

**OSCEOLA COUNTY, FLORIDA,**
**REESHEMAH TAYLOR, SEAN PARKS**
**and CYNTHIA DREILING,**

       **Defendants.**

## ORDER

This matter is before the Court on Defendants Reeshemah Taylor, Sean Parks, and Cynthia Dreiling's (collectively "Officers") Motion to Dismiss the Amended Complaint (Doc. 18) ("Officers' Motion") and Defendant Osceola County's ("County") Motion to Dismiss the Amended Complaint (Doc. 19) ("County's Motion") and the Plaintiff's responses to the Motions (Docs. 23, 24 (respectively)).

**I.     Background**

This case is brought on behalf of the estate of Russell Leigh Smith ("Smith"), who committed suicide while in custody at one of the County's correctional facilities. The suit asserts a claim for wrongful death against the County and violations of Smith's constitutional rights under 42 U.S.C. § 1983 against all Defendants. The allegations, assumed to be true, make clear that on February 18, 2012 Smith was in custody at an Osceola County correctional facility, and that on that date he committed suicide. Allegedly, the Defendants knew or had reason to know of Smith's risk of suicide. However, beyond the unelaborated assertion that there was a history of suicides or attempted suicides in the Osceola County Jail (Doc. 13 ¶ 19) the Amended Complaint gives no

indication how or why Defendants should have known of Smith's risk of suicide. The Officers' and County's Motions assert that the matter must be dismissed because, among other reasons, the Plaintiff has not alleged cognizable claims.

## II.     Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555,

and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

**III.   Analysis**

    **A. § 1983 Claims Against Officers and County**

Counts II – V[1] allege deprivations of Smith's rights against the individual defendants and the County. The Amended Complaint alleges that Smith was deprived of his rights based on the deliberate indifference of the Officers and the County.

As to the Officers:

> To establish liability for a prisoner's suicide under section 1983, "the plaintiff must show that the jail official displayed 'deliberate indifference' to the prisoner's taking of his own life." *Cook,* 402 F.3d at 1115 (quoting *Cagle v. Sutherland,* 334 F.3d 980, 986 (11th Cir.2003) (per curiam)) (internal quotation mark omitted). The plaintiff must prove that the official had subjective knowledge of a risk of serious harm and disregarded that risk by conduct that constituted more than mere negligence. *Snow ex rel. Snow v. City of Citronelle, Ala.,* 420 F.3d 1262, 1268 (11th Cir.2005) (quoting *Cook,* 402 F.3d at 1115). "[D]eliberate indifference requires that the defendant deliberately disregard 'a strong likelihood rather than a mere possibility that the self-infliction of harm will occur.' " *Cook,* 402 F.3d at 1115 (quoting *Cagle,* 334 F.3d at 986) (emphasis omitted). "[T]he mere opportunity for suicide, without more, is clearly insufficient to impose liability on those charged with the care of prisoners." *Tittle v. Jefferson County Comm'n,* 10 F.3d 1535, 1540 (11th Cir.1994) (en banc).

*Gish v. Thomas*, 516 F.3d 952, 954 (11th Cir. 2008). The allegations state that each of the Officers "had actual and/or constructive notice that RUSSELL LEIGH SMITH was on the verge of suicide or that suicide was imminent and/or the behavior of RUSSELL LEIGH SMITH, should have placed

---

[1] The Amended Complaint asserts violations of Smith's Eighth and Fourteenth Amendment rights. The Fourteenth Amendment is applicable in suicide-in-custody cases involving pretrial detainees while the Eighth Amendment is invoked in prisoner suicide cases. However, because the matter can be decided upon the sufficiency of the deliberate indifference allegations, the Court need not address under which amendment the claims must be brought. *Tittle v. Jefferson Cnty. Comm'n*, 10 F.3d 1535, 1539 (11th Cir. 1994) (noting that in suicide-in-custody cases, analysis of deliberate indifference is same for either Eighth or Fourteenth Amendment violation).

Defendant on notice of this danger." (Doc. 13 ¶¶ 38, 51, 64). However, the Amended Complaint does not give any indication how the Officers were either actually noticed, or noticed through Smith's behavior of this danger. All it offers is the conclusory statement that they had notice.

As to the County, the Plaintiff's Response asserts that the estate is proceeding on the theory that County failed to properly train corrections personnel to supervise inmates at risk of suicide. (Doc. 24 at 5).

> To establish deliberate indifference, "a plaintiff must present some evidence that the [county] knew of a need to train and/or supervise in a particular area and the [county] made a deliberate choice not to take any action." *Gold v. City of Miami,* 151 F.3d 1346, 1350 (11th Cir.1998). We have noted that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; [and (3)] conduct that is more than mere negligence." *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir.1999) (internal quotation marks omitted).

*Williams v. DeKalb Cnty.*, 327 F. App'x 156, 160-61 (11th Cir. 2009). Aside from an unexplained assertion that "[t]here has been a history of suicides and/or attempted suicides of inmates at the Osceola County Jail" (Doc. 13 ¶ 19), there is no explanation as to how the County should have known of a need to properly train and/or supervise corrections officers regarding inmate suicides at the Osceola County Jail.[2]

Plaintiff alleges in paragraph 77 of the Amended Complaint that the County demonstrated its indifference by: (1) failing to equip county staff to intervene, supervise, or manage the protection of inmates; (2) failing to train correction officers to evaluate and protect inmates at risk of harm or suicide; and (3) not establishing a protocol to evaluate inmates from injury or the risk of suicide. Yet, an alleged history of suicides at some unspecified time and place is insufficient to bring this case across the line from conceivable to plausible. *Iqbal*, 556 U.S. at 680.

---

[2] The Plaintiff identifies the Osceola County Correctional Facility located at 402 Simpson Road, Kissimmee, Florida, as the location where Smith was held.

### B. Wrongful Death Claim Against County

As to Count I, the claim for wrongful death against the County:

> [T]he plaintiff has the burden of proving that the "wrongful act, negligence, default, or breach of contract or warranty" caused the death. § 768.19, Fla. Stat. (2011). The Florida Supreme Court has recognized that "harm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question. In other words, human experience teaches that the same harm can be expected to recur if the same act or omission is repeated in a similar context."

*50 State Sec. Serv., Inc. v. Giangrandi*, 3D11-3329, 2013 WL 6212039 (Fla. Dist. Ct. App. Nov. 27, 2013) (quoting *McCain v. Fla. Power Corp.*, 593 So.2d 500, 503 (Fla.1992)). Accordingly, the County may only be liable insofar as the death was reasonably foreseeable. The Amended Complaint does not set forth anything other than conclusory allegations with regards to how the County may have had knowledge of a danger of Smith's suicide. Accordingly, the claim for wrongful death has been insufficiently pled. *Smith ex rel Ashley v. Brevard Cnty., Florida*, 6:06-CV-715ORL31JGG, 2006 WL 2355583, at *6 (M.D. Fla. Aug. 14, 2006) (noting that conclusory allegations fail to establish that decedent's suicide was reasonably foreseeable for wrongful death claim and dismissing claims) opinion amended on reh'g on other grounds sub nom. *Smith v. Brevard Cnty., Florida*, 6:06CV715 ORL31JGG, 2006 WL 2507975 (M.D. Fla. Aug. 29, 2006).

It is therefore,

**ORDERED** that the Officers' Motion to Dismiss (Doc. 18) and the County's Motion to Dismiss (Doc. 19) are **GRANTED**, the case is **DISMISSED WITHOUT PREJUDICE.** The Plaintiff shall have fourteen (14) days from the date of this Order to serve and file a Second Amended Complaint.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 11, 2014.

                                              **GREGORY A. PRESNELL**
                                              **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party