**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTINA SMITH,**

       **Plaintiff,**

**v.**                                                **Case No:   6:13-cv-1797-Orl-31GJK**

**OSCEOLA COUNTY, FLORIDA,**
**REESHEMAH TAYLOR, SEAN PARKS**
**and CYNTHIA DREILING,**

       **Defendants.**

## ORDER

This matter is before the Court on the Defendants' motions to dismiss the Second Amended Complaint (Doc. 34) as well as the Plaintiff's response in opposition to the motions to dismiss.

**I.  Background**

On February 18, 2012, while incarcerated at an Osceola County, Florida ("County") jail, Russel Leigh Smith ("Smith") committed suicide. This suit, which is brought on behalf of Smith's estate, asserts a state law claim against the County for wrongful death, and federal claims against all Defendants for violation of Smith's constitutional rights. Plaintiff alleges that Defendants knew that Smith was at risk of suicide, but failed to take reasonable steps to prevent it.

After removal to this Court, Plaintiff filed an Amended Complaint on November 25, 2013 (Doc. 13). Defendants filed Motions to Dismiss (Docs. 18, 19), which the Court Granted on March 11, 2014. In its Order, the Court found that Plaintiff had insufficiently pled the basis of Defendants' knowledge that Smith was a suicide risk.

Plaintiff filed her Second Amended Complaint on March 25, 2014 (Doc. 34). Defendants have moved to dismiss this complaint for failure to state a claim up on which relief can be granted. (Docs. 35-38). Plaintiff has responded in opposition to each motion. (Docs. 39-42).

The standard for ruling on a motion to dismiss was set forth in this Court's prior Order and need not be repeated here. Similarly, the elements of Plaintiff's claim for wrongful death and deprivation of Smith's civil rights were previously summarized. What remains to be analyzed is whether the allegations of the Second Amended Complaint are sufficient to satisfy the knowledge element of these claims and whether the alleged constitutional violation[1] was the result of a County policy.

**II.     Analysis**

**A.  Osceola County**

**1.  Wrongful Death**

Wrongful death may be asserted against municipalities in suicide-in-custody cases. *See, e.g., Smith v. Brevard Cnty.*, 461 F. Supp. 2d 1243, 1250 (M.D. Fla. 2006) (noting that operational level decisions and actions are not immune to suit while planning level decisions are). In the Second Amended Complaint the Plaintiff asserts Smith had communicated with family members through monitored channels, which resulted in the County knowing of Smith's intent to commit suicide. (Doc. 34 ¶¶ 19-26). Similar to *Smith v. Brevard*, the Plaintiff here alleged that the County (1) failed to protect Smith from his known desire to commit suicide (2) failed to check on detainees known to

---

[1] Because the standards to evaluate a Eighth or Fourteenth Amendment violation are functionally the same in suicide-in-custody cases, *see Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1539 (11th Cir. 1994), analysis as to which is applicable here is not necessary to determine if the Plaintiff has asserted a claim.

be at risk for suicide, and (3) did not provide safe housing for detainees at risk of suicide. (*See* Doc. 34 ¶¶ 18, 29-41, and 60(j))—this is enough to state a claim against the County.

The County argues that the wrongful death claim must be dismissed to the extent that it is predicated on a failure to train theory, however this misses the mark. To the extent that the Plaintiff proceeds on a theory that the County was negligent in its decisions on *what to include* in its training of its employees, the County is immunized from liability. *See Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1266 (11th Cir. 2001) (noting that decisions on what to include in training are planning nature, and subject to sovereign immunity, rather than operational decisions, which are not immunized from liability). However, the Second Amended Complaint can be read as asserting that the County failed to train and oversee the implementation of its policies for the personnel involved in Smith's suicide, which is operational, and therefore not immunized from liability. Accordingly, the claim shall stand.

### 2. § 1983 Claim Against the County

To state a § 1983 claim against a municipal government, a plaintiff must assert he or she suffered a constitutional violation due to a municipal policy or custom. *Smith*, 461 F. Supp. 2d at 1249. Here, based on the allegations in the Second Amended Complaint the County had a policy designed to protect inmates at risk of suicide. Indeed, Smith was allegedly housed in a specific unit that required frequent monitoring. The essence of the Plaintiff's claim is that the County jail personnel failed to follow the policies and procedures in place to protect Smith. This does not constitute a persistent and widespread practice of deliberate indifference to the constitutional rights of "at risk" inmates. Furthermore, the mere fact that prior suicides have occurred at the jail (*see* Doc. 34 ¶ 48), does not equate to a persistent and widespread policy of ignoring the risk of suicide. Accordingly, the Motion to Dismiss the § 1983 claim against the County will be granted.

### B. Individual Defendants

Here, the individual Defendants clearly had subjective knowledge of Smith's risk of suicide because they had monitored communications in which Smith expressed suicidal ideations to family members. Indeed, because of this knowledge Smith was housed in a special detention area. Defendants Taylor and Parks were charged with monitoring Smith to ensure that he did not commit suicide. Defendant Dreiling was responsible for performing physical checks of Smith. Plaintiff claims that these Defendants willfully disregarded their duty to protect Smith from Suicide. (*See* Doc. 34 ¶¶ 27-47). These allegations are sufficient to establish that the Defendants' alleged conduct was more than mere negligence, and rose to the level of deliberate indifference to Smith's constitutional rights. *See Gish v. Thomas*, 516 F.3d 952, 954 (11th Cir. 2008) (setting forth the Eleventh Circuit standard for deliberate indifference); *Smith*, 461 F. Supp. 2d at 1248. Accordingly, the § 1983 claims against the individual defendants will not be dismissed.

It is therefore,

**ORDERED** that he Individual Defendants' Motions to Dismiss (Docs. 35, 37, and 38) are **DENIED**. The County's Motion to Dismiss (Doc. 36) is **GRANTED IN PART,** the § 1983 claim is dismissed and the Motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 31, 2014.

                                            GREGORY A. PRESNELL
                                        UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party